IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHARYN STAGI and WINIFRED LADD,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION,

       Defendant.

Civ. Action No. 03-5702 (AB)

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

A hearing having been held before this Court on June 25, 2012, pursuant to this Court's Order dated March 20, 2012 (the "Preliminary Order"), upon the Joint Stipulation of Settlement and Release and the exhibits annexed thereto, dated August 4, 2011 (the "Settlement Agreement") filed in this action; the Court having determined that due notice of the proposed settlement and of that hearing was given to all members of the Settlement Class (as that term is defined in the Settlement Agreement and as certified by this Court in the Preliminary Order) whose interests are affected by the proposed settlement in accordance with the Preliminary Order; the respective parties having appeared by their attorneys of record at the hearing; all members of the Settlement Class having been given due notice of their rights and an opportunity to be heard and to present their legal and factual arguments in opposition to or approval of the Settlement Agreement including the proposed Plan of Allocation for settlement proceeds, the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, the request for approval and reimbursement of administrative expenses of the settlement, and for an

award of special compensation to the Named Plaintiffs; and the entire matter of the proposed settlement having been heard and considered by the Court;

This 3rd day of July, 2012,

It is **ORDERED** that (1) Plaintiffs' Motion for Final Approval of Settlement, and (2) Petition for Award of Attorneys' Fees and Expenses and Special Compensation to Named Plaintiffs, are **GRANTED**; and it is further **ORDERED** as follows:

1. To the extent defined in the Settlement Agreement, the terms in this Order shall have the meanings set forth therein.

2. The Notice of Proposed Settlement of Class Action and Settlement Hearing (the "Settlement Notice") was mailed by first class mail on or about April 20, 2012, in accordance with the Preliminary Order, to all members of the Settlement Class who could be identified with reasonable effort at their last known addresses.

3. The Court determines pursuant to Rule 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure that the form and method of notifying members of the Settlement Class through mailing of the Settlement Notice constitute the best notice practicable under the circumstances, and that due and sufficient notice of the proposed settlement, the Settlement Hearing and the rights of all members of the Settlement Class has been provided. The Court further determines that such notice meets all requirements of due process; and that all members of the Settlement Class are bound by the Order and Final Judgment entered herein.

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Settlement Agreement and the terms thereof, including the Plan of Allocation and the terms thereof, are finally approved and confirmed as being fair, reasonable and adequate as to all members of the Settlement Class, for the reasons stated in the papers filed by the parties and stated on the record

at the Settlement Hearing. In summary, the Court finds that extensive investigation, research and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with further prosecution of this Action. The Court further finds that the Settlement Agreement has been reached as a result of intensive, arms-length negotiations overseen by retired U.S. Magistrate Judge Diane M. Welsh. The Court finds and hereby confirms that there are no other agreements which have been made in connection with the settlement. The Court further finds and determines that Amtrak's termination of the One Year Rule and the contemplated payments to the members of the Settlement Class, as provided in the Settlement Agreement and the proposed Plan of Allocation, are fair, reasonable and adequate. The Court thus gives final approval to and orders that those payments be made to the Settlement Class members. The parties are hereby directed to take all necessary steps to effectuate the terms of the Settlement Agreement.

5.   This action, and all claims asserted in the Amended Complaint, whether asserted by Named Plaintiffs on their own behalf or on behalf of the Settlement Class, are hereby dismissed with prejudice, without additional costs to any of the parties other than as provided for in the Settlement Agreement. As of the Effective Date of Settlement, each Named Plaintiff and each member of the Settlement Class is hereby barred and permanently enjoined from prosecuting, commencing, or continuing any and all claims, rights, demands, liabilities and causes of action regarding or relating in any way to the One Year Rule, whether known or unknown, under federal, state or local law, statute, ordinance, regulation, common law or other source of law, regardless of whether such claims sound in contract, tort, or statute, or seek legal or equitable relief, arising or accruing at any time from the date she was first employed by Amtrak, or any of its predecessors or affiliates, direct or indirect, through the date of entry of this

3

Order. In addition, as of the Effective Date of Settlement, each Named Plaintiff and each member of the Settlement Class shall be conclusively deemed to have, and by operation of this Order shall have, fully, finally and forever settled, released, relinquished, waived and discharged Defendant and all other Amtrak Releasees from all released claims (as defined in Paragraphs 67 through 68 of the Settlement Agreement).

6. The Court having considered the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses out of the settlement proceeds, the Court hereby grants the application and awards to Class Counsel out of the settlement proceeds attorneys' fees in the amount of $ 1,219,467.79 and reimbursement of litigation and settlement administration expenses in the amount of $ 120,532.08. This award shall be in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel. The Court also hereby approves and awards to each of the named plaintiffs special compensation in consideration of their substantial services over eight years for the benefit of all Settlement Class members. The amount of the special payment to each named plaintiff is $ 50,000. These payments shall be in addition to the sums that each Named Plaintiff is entitled to receive under the terms of the Plan of Allocation. These awards of fees and expenses and of special compensation to the Named Plaintiffs shall be paid from the Escrow Account within five (5) business days of the deposit of the Settlement Amount in the manner provided in the Settlement Agreement. These awards will include a pro rata share of interest earned on the Escrow Account from the date of its establishment until the date the awards are paid out.

7. The Court hereby approves of the establishment of the Escrow Account described in Paragraph 45 of the Settlement Agreement.

4

8. The costs and expenses, including the payment of any taxes or tax withholdings, associated with the investment of the Escrow Account and/or the administration of the Settlement Agreement, including the Plan of Allocation, which have been or will be incurred after the date of submission of the request for approval or reimbursement of administrative expenses of the settlement shall be paid pursuant to the terms of the Settlement Agreement.

9. In the event that the Settlement Agreement is cancelled or terminated pursuant to Paragraph 38 of the Settlement Agreement, then (a) this Order and Final Judgment shall be rendered null and void and shall be vacated and of no further force or effect, without prejudice to any party, and Plaintiffs and Defendant shall be deemed to have reverted to their respective statuses prior to the execution of the Settlement Agreement, and they shall proceed in all respects as if the Settlement Agreement had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action.

10. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

11. This Order, and the Settlement Agreement and any exhibits and attachments thereto, shall not be cited in any matter for the purpose of seeking preliminary or final certification of any class or collective action.

12. The parties, including the members of the Settlement Class, submit to, and the Court shall retain, continuing jurisdiction of this matter for the purposes of consummating, implementing, supervising, interpreting and enforcing the Settlement Agreement and the terms of this Order and Final Judgment, resolving any disputes that may arise in accordance with the procedures set forth in Paragraph 59 of the Settlement Agreement, and entering any further

orders as may be necessary and appropriate, in each case without affecting the finality of this Order and Final Judgment.

13. The Clerk of the Court is directed to enter this Order and Final Judgment as a final judgment and dismissal with prejudice with respect to each Named Plaintiff and each member of the Settlement Class pursuant to Rule 41(a)(2), Fed. R. Civ. P. The Court's reservation of continuing jurisdiction pursuant to the preceding paragraph shall not affect in any way the finality of this Order and Final Judgment.

**IT IS SO ORDERED, ADJUDGED AND DECREED** this 3rd day of July

_____, 2012.

_____
ANITA B. BRODY, J.

6